# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 21-928V
UNPUBLISHED

| | |
|---|---|
| CARISSA FETTERS on behalf of her minor child, S.F., | Chief Special Master Corcoran |
| Petitioner, | Filed: February 9, 2023 |
| v. | Pre-Assignment Review (PAR); Attorney's Fees and Costs; Reasonable Basis; Good Faith; Human Papillomavirus (HPV) Vaccine; various injuries; missing vaccination record. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Andrew D. Downing, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.*

*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION DENYING ATTORNEY'S FEES AND COSTS[1]

On February 16, 2021, Carissa Fetters filed a petition for compensation on behalf of her minor child, S.F., under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34[2] (the "Vaccine Act"). Petitioner alleged that the human papillomavirus ("HPV") vaccine that S.F. received on March 15, 2019, caused her to develop neurological disorders, chronic fatigue, and autonomic dysfunction. ECF No. 1 ¶ 12. Petitioner withdrew the case just under eight months later, however – well before the claim's substantive basis could be evaluated, and for the express purpose of litigating the claim in a different manner and alternative forum.

Petitioner now seeks an award of attorney's fees and costs, but Respondent contests the propriety of such an award. For the reasons discussed below, while I find there was good faith for Petitioner's claim, I also find that Petitioner's claim lacked reasonable basis and, therefore, is not entitled to an award of attorney's fees and costs.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "Section" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I.        Background

Petitioner alleged that S.F. suffered various injuries from a March 15, 2019 HPV vaccination. ECF No. 1. Neither the petition nor Petitioner's affidavit identified the medical provider who administered the vaccination. Moreover, Petitioner did not file any medical records identified as a vaccination record. Petitioner did not file a Statement of Completion (which states that all records required by the Vaccine Act have been filed) prior to withdrawing the case from the Vaccine Program.

As noted, Petitioner timely filed a Notice of Intent to Withdraw from the Vaccine Program, in accordance with the terms of the Act, on October 14, 2021. ECF No. 18. This case (and numerous others like it) filed by the same counsel alleges an injury relating to the administration of an HPV vaccine but has been withdrawn in accordance with the terms of the Vaccine Act and Rules, solely for the purpose of combining it with like cases against the vaccine manufacturer pending in other fora. (A more thorough explanation of the substantive background for early termination is set forth in *Atjian v. Sec'y of Health & Hum. Servs.*, No. 21-1413V, 2022 WL 17587757 (Fed. Cl. Spec. Mstr. Oct. 18, 2022), and is incorporated by reference herein). I accordingly issued an Order Concluding Proceedings pursuant to Vaccine Rule 10(d) on October 18, 2021. ECF No. 19.

On November 5, 2021, Petitioner filed a motion for attorney's fees and costs. Motion for Final Attorney's fees and Costs ("Mot."), ECF No. 21. On November 18, 2021, Respondent filed an opposition ("Opp."), arguing that Petitioner had failed to establish a reasonable basis and good faith for the claim. ECF No. 23. Among other issues raised, Respondent noted that Petitioner had not submitted any proof of vaccination. Opp. at 10. Petitioner filed a reply to the opposition on December 1, 2021. ECF No. 24. On December 6, 2021, Petitioner filed a Supplemental Motion for Attorney Fees and Costs ("Supp. Mot.") for additional expenses incurred preparing the reply to Respondent's opposition. ECF No. 26.

## III.       Fees Are Not Appropriate for This Matter

Consistent with my determination in *Atjian*, this claim had sufficient good faith, even if counsel expected to withdraw it well before its adjudication. Petitioner proposed a definition good faith as an "honest belief that [he] suffered an injury due to the vaccination at issue." Mot. at 2. Respondent argues that for a case to be brought in good faith, it must be brought "with the intent to litigate the merits of the claim" in the Program. Opp. at 7. Both parties presented identical legal arguments in support of their respective definitions to those presented in *Atjian*, 2022 WL 17587757, at *4, and I found good faith satisfied simply because Petitioner does believe the vaccine was injurious (even if a review of reasoned decisions in the Program reveals the factual unsoundness of that belief).

Turning to reasonable basis, Petitioner has not met the first requirement for every vaccine claim filed, establishing that S.F. received a vaccine listed on the Vaccine Injury Table. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1345-46 (Fed. Cir. 2020). Petitioner did not file any documents identified as the vaccination record nor did any of the medical records contain an administration record for S.F.'s March 15, 2019 HPV vaccination. Respondent objected to reasonable basis due to the absence of a vaccination record, but Petitioner did not file a reply to address the objection.

As discussed in *Atjian*, for that case and all other similarly situated cases, I emphasized that "the rules and procedures provided by the Vaccine Act for filing claims must be followed, even if it was expected that an initiated claim would not be litigated to its completion. As such, claims involving the HPV vaccine had to be litigated like any other and meet the requirements that all cases must meet in the Program – at all relevant stages." 2022 WL 17587757, at *2. Here, Petitioner has not met the minimal requirements of the Vaccine Program by failing to submit S.F.'s vaccination record to establish that S.F. received a vaccine listed in the Vaccine Injury Table. In her reply to Respondent's opposition, Petitioner did not address the absence of a vaccination record. Even if the vaccination record was somehow unavailable, Petitioner would have been required by Vaccine Rule 2(c)(2)(B)(i) to file an affidavit detailing efforts to obtain the vaccination record and the reasons for its unavailability, which Petitioner has not done. Accordingly, Petitioner has failed to establish a reasonable basis for the claim.[3]

## CONCLUSION

Based on Petitioner's failure to submit a vaccination record and establish the vaccination at issue, I find that Petitioner has failed to establish reasonable basis and, I hereby **DENY** Petitioner's Motion and Supplemental Motion. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] While the absence of a vaccination record is sufficient grounds to deny an award of attorney's fees and costs, I also note that S.F.'s alleged injuries of neurological disorders, chronic fatigue, and autonomic dysfunction do not comport with the primarily mental health treatment she received in 2019 and 2020.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.